

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-28-2006

# Budiyono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Budiyono v. Atty Gen USA" (2006). *2006 Decisions.* Paper 826.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/826

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3737

FNU BUDIYONO,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Miriam K. Mills
(No. A96-203-450)

Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

Before: AMBRO, FUENTES and GREENBERG, Circuit Judges

(Opinion filed June 28, 2006 )

OPINION

AMBRO, Circuit Judge

Fnu Budiyono petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the denial of his claims for asylum and withholding of removal. For the reasons set forth below, we will affirm the decision of the BIA and deny the petition for review.[1]

## I.

Because we write principally for the parties, we note only those facts necessary to our analysis. Budiyono is an ethnically Chinese Christian citizen of Indonesia who entered the United States as a non-immigrant visitor, overstayed his visa, and was charged with removal for remaining in the United States without authorization in violation of 8 U.S.C. § 1227(a)(1)(B). Budiyono conceded he was removable and applied for asylum, withholding of removal, relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), and, in the alterative, voluntary departure. He claimed he was persecuted in Indonesia on account of his ethnicity and religion, and that he has a well-founded fear of future persecution on the same grounds should he return.

The immigration judge (IJ) found that Budiyono was not eligible for asylum because his application was not filed within one year of his arrival in the United States. 8

---

[1]The IJ had jurisdiction pursuant to 8 C.F.R. § 208.2. The BIA had jurisdiction under 8 C.F.R. § 1003.1(b). We exercise appellate jurisdiction over this petition for review under § 242(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b).

U.S.C. § 1158(a)(2)(B). Moreover, Budiyono had not demonstrated either changed circumstances affecting his eligibility or extraordinary circumstances relating to the delay that could allow for the consideration of an otherwise untimely application. 8 U.S.C. § 1158(a)(2)(D). The IJ further found that – although Budiyono's testimony was credible – the harm he feared was neither severe nor likely enough to satisfy the standards for withholding of removal and relief under the CAT. *See* 8 U.S.C. § 1231(b)(3)(A) (withholding of removal); *INS v. Stevic*, 467 U.S. 407, 412 (1984) (withholding appropriate only when there is a "clear probability" that the alien's life or freedom would be threatened upon removal); *see also* 8 C.F.R. §§ 208.16 and 208.18 (regulations governing CAT claims)*; Abdulrahman v. Ashcroft*, 330 F.3d 587, 591 n.2 (3d Cir. 2003) (for a CAT claim, alien must show it is more likely than not that s/he will be tortured by the government or with its acquiescence). The IJ granted Budiyono voluntary departure.

Budiyono appealed the IJ's decision as to his asylum and withholding of removal claims to the BIA.[2] The BIA affirmed, concluding that there was no evidence to support his contention that country conditions had changed such that his untimely asylum petition should be considered, and the evidence was insufficient to prove eligibility for

---

[2]As it does not appear that Budiyono raised his claim for CAT relief before the BIA, we do not address it here. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003) ("[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim."). In any event, Budiyono has not raised a CAT claim in his brief to our Court, and therefore, even if he had raised it before the BIA, that claim would be waived. *Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

withholding. The BIA also affirmed the IJ's grant of voluntary departure. Budiyono petitions for review of the BIA's decision.

## II.

8 U.S.C. § 1158(a)(3) deprives us of jurisdiction to review the IJ's determination that Budiyono's asylum petition was not filed within the one year limitations period, and that the period was not tolled by extraordinary circumstances. 8 U.S.C. § 1158(a)(3); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

We have jurisdiction, however, to review the IJ's denial of withholding of removal. Where, as here, the BIA adopts the findings of the IJ and discusses some of the bases of the IJ's decision, we review the decisions of both the IJ and the BIA. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review the determination of whether an alien was subject to persecution or has a well-founded fear of future persecution under the substantial evidence standard, "under which we may reverse only if a reasonable adjudicator would be compelled to conclude to the contrary." *Toure v. Attn'y Gen.*, 443 F.3d 310, 316 (3d Cir. 2006) (internal quotation marks and citations omitted); *see also* 8 U.S.C. § 1252(b)(4)(B).

We conclude that substantial evidence supports the IJ's and the BIA's findings that the incidents described and the harm feared by Budiyono do not rise to the level of persecution. He described the generally hostile – and sometimes violent – conditions experienced by ethnically Chinese and Christian Indonesians, and testified to his own

4

direct experiences of being harassed and discriminated against on account of his ethnicity and religion. However, "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust or even unlawful or unconstitutional." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Accordingly, we have defined "persecution as including threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom." *Lukwago v. Ashcroft*, 329 F.3d 157, 168 (3d Cir. 2003) (citation and internal quotations omitted). Moreover, "persecution" requires either government involvement or the involvement of individuals the government is "unable or unwilling to control." *Gao v. Ashcroft*, 299 F.3d 266, 273 (3d Cir. 2002). Here, Budiyono did not demonstrate either "a real threat to life or freedom" or that the Indonesian government is "unable or unwilling to control" the individuals who allegedly persecuted him. In this light, we hold that there was substantial evidence to support the denial of Budiyono's withholding claim.

## III.

We take a moment to comment on the wholly inadequate brief prepared by Budiyono's attorney, Eleanor Chen.[3] As stated above, Budiyono's asylum claim was denied as untimely, and for failing to cite circumstances that could excuse the delay.

---

[3]We note that our Court has recently made similar criticisms of Ms. Chen in another unpublished opinion and referred her to the Third Circuit Court of Appeals' Disciplinary Committee pursuant to Federal Rule of Appellate Procedure 46(c). *Agusalim v. Gonzales*, 2005 WL 4036070, *2 n.2 (3d Cir., May 24, 2005).

Because we do not have jurisdiction to review the timeliness determination, Budiyono's withholding claim represented his only viable claim for relief. Yet in her brief Ms. Chen argues only Budiyono's *asylum* claim and fails completely to make an argument for withholding of removal. Moreover, even within her argument on the doomed asylum claim Ms. Chen argues the *merits* of the claim, and ignores completely the timeliness issue. In other words, she neglects the only issue we would be able to review if we were able to exercise jurisdiction over the claim.

The fatal mismatch between Budiyono's claims and Ms. Chen's argument may be due in part to her apparent decision to cut and paste her asylum argument from previous briefs. We have compared her brief in this case to a brief submitted in a another petition for review (seeking relief on different grounds and in regard to a different country), and cannot help but notice that whole sections are identical word for word.

One of the identical sentences that Ms. Chen would have been advised to cut out of Budiyono's brief was the assertion that "[t]he Immigration Judge's pure suspicion that there are contradictions in the testimony of Petitioner, without more, is not an adequate basis for a discretionary denial of asylum who will almost certainly face persecution in his home country." As we already observed, the claim Ms. Chen should have been asserting was for withholding of removal, but more importantly, the IJ in this case found explicitly that Budiyono *was credible* as to his claims of persecution. There was no "suspicion" and there were no alleged "contradictions."

6

Another boilerplate sentence, which was equally inappropriate in the earlier brief, is the assertion that "[i]t is stipulated . . . [Budiyono] has a well-founded fear of persecution in Indonesia." A stipulation is a "voluntary agreement between opposing parties concerning some relevant point." *Blacks's Law Dictionary* 1427 (7th ed. 1999). Despite Ms. Chen's confident declaration that the central question on appeal to our Court has been resolved by the parties, the Government has submitted a brief defending the BIA's denial of relief, thus suggesting that it has not stipulated to the existence of persecution.

In addition, we observe that in the five pages devoted to Budiyono's appeal, Chen includes only two sentences that are specific to him. First, she begins by saying "[p]etitioner is a 37 year old single male." She goes on to state that "[p]etitioner has suffered severe trauma right after the May 1998 civil riots in Jakarta in which ethnic Chinese were targeted for brutality by native Indonesians." In contrast, the Government's brief includes six pages discussing Budiyono's specific experiences of harassment and discrimination. Of course, the Government's point is that these "previous hardships" and "societal discrimination" do not amount to persecution, and we agree. Generally, however, an "applicant must do more than rely on a general threat of danger arising from a state of civil strife; some specific showing is required," *Al-Fara v. Gonzales*, 404 F.3d 733, 742 (3d Cir. 2005), and thus an attorney is well-advised to cite to specific examples of persecution in order to support a claim for relief from removal.

7

In this context, Ms. Chen's performance on appeal did not have a measurable effect on Budiyono's claim for relief, as we do not have jurisdiction to review his asylum claim and the record is clear that there are no facts sufficient to meet the more stringent standard for withholding. *Lukwago v. INS*, 329 F.3d 157, 182 (3d Cir. 2003) ("The standard for withholding of removal is higher than, albeit similar to, the standard for asylum.").

\* \* \* \* \*

For the reasons stated herein, we deny Budiyono's petition for review. We do not disturb the grant of voluntary departure as provided in the order of the BIA.